UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
                                                             :
                                                             :
JPMORGAN CHASE BANK, N.A.,                                   :
                                                             :   Case No. _____
                                                             :
                                                             :
              Plaintiff,                                     :
                                                             :
                                                             :
     - against -                                             :
                                                             :
                                                             :
VTB BANK, P.J.S.C.,                                          :
                                                             :
                                                             :
              Defendant.                                     :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**<u>DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY ANTI-SUIT INJUNCTION</u>**

I, Craig T. Cagney, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney duly admitted to practice law in this Court and a counsel at Davis Polk & Wardwell LLP, counsel to Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan").

2. This declaration is made in support of JPMorgan's Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Anti-Suit Injunction (the "Motion").

3. As set forth in JPMorgan's Complaint and the accompanying Motion, Defendant VTB Bank, P.J.S.C. ("VTB") previously sent pre-litigation demand letters to JPMorgan and several of its affiliates (together with JPMorgan, the "JPMorgan Entities") demanding that JPMorgan transfer to it $439 million from a sanctioned correspondent bank account held by JPMorgan's New York branch (the "Correspondent Account"). *See* Richarts Decl. Exs. B, C.

As discussed below and in the accompanying Motion, JPMorgan is prohibited under federal law from transferring those funds to VTB or any other person or entity without proper U.S. governmental authorization. On April 17, 2024, VTB initiated an action in the Arbitrazh court of the city of Saint-Petersburg and Leningrad region (the "Russian Action") against JPMorgan and the JPMorgan Entities. Although JPMorgan has not been able to obtain the filings in the Russian Action yet, my belief and understanding is that the Russian Action follows through on VTB's pre-litigation demand letters relating to the Correspondent Account and seeks to hold JPMorgan liable for failure to transfer the $439 million.

4. JPMorgan is prohibited by federal law from releasing those assets to VTB—or to any other person—because they are blocked under broad economic sanctions imposed by the United States in response to Russia's invasion of Ukraine.

5. As explained in the Complaint and the Motion, it is my understanding that the Russian Action seeks to hold JPMorgan liable for failing to return the funds from the Correspondent Account and thus was filed in violation of the forum selection clause in the Account Terms, to which VTB had agreed when it opened the Correspondent Account in 2008. VTB's actions are consistent with steps taken by other sanctioned Russian entities to obtain judgments in Russia against other Western banks. Attached as Exhibits A through F are true and correct copies of judgments entered in Russian courts in favor of various Russian financial institutions and against Western banks such as Credit Suisse AG, Deutsche Bank AG, Citibank N.A., Goldman Sachs, ING Bank, and Euroclear Bank, along with true and correct translations of the relevant excerpts thereof.

6. Some of these judgments have been entered against the Western banks' foreign affiliates. It is my understanding that, on April 9, 2024, the Russian Court of Cassation denied an appeal in *Sovcombank v. Citibank N.A., AO CB Citibank* (case No. A40-167352/2023), and

upheld the lower courts' rulings that Citibank's Russian affiliate was liable to the Russian financial institution for blocked property held by its U.S. affiliate.

7. JPMorgan promptly filed this action and the Motion to obtain an immediate *ex parte* TRO enjoining VTB from continuing the Russian Action and, after notice and hearing, to obtain a preliminary injunction extending that relief. JPMorgan has not provided prior notice to VTB because of the significant risk that VTB would use any notice provided by JPMorgan to preemptively obtain an anti-suit injunction from a Russian court preventing JPMorgan from seeking relief in this Court, the forum that the parties selected for any dispute arising out of or connected to the Correspondent Account held in New York.

8. Attached as Exhibit G is a true and correct copy of excerpts of the Russian Arbitrazh (State Commercial) Procedure Code ("APC RF"), along with a true and correct translation of those excerpts. Article 248.2 of the APC RF provides that a Russian party like VTB, which is subject to foreign sanctions, may seek an anti-suit injunction from a Russian court if foreign proceedings have been initiated against it, or if there is evidence that they will be initiated. Article 93, Section 1.1 states that a Russian court must consider an application for injunctive relief no later than the next day after the date of receipt of the application by the court without notifying the parties.

9. Attached as Exhibit H is a true and correct copy of a decision in *PJSC VTB v. VTB Europe SE* (Case No. A56-103943/2023), in which a Russian court granted VTB an anti-suit injunction on an *ex parte* basis after foreign arbitration proceedings had been commenced against VTB in Hong Kong.

10. Attached as Exhibit I is a true and correct copy of an article published on April 23, 2021 by the Practical Law Arbitration Blog, titled "Beware of a Russian torpedo: the impact on arbitration agreements of sanctions-related amendments to Russian procedural law." This

article explains that the Russian Arbitrazh Procedure Code was amended in response to sanctions placed on Russian entities and how those amendments permit Russian courts to grant anti-suit injunctions to enjoin foreign court proceedings.

11. Attached as Exhibit J is a true and correct copy of an article published by Linklaters LLP on June 9, 2023 titled "Russian Court issues further anti-suit injunction targeting foreign arbitration proceedings." This article explains the increasing trend of claims being brought before and accepted by Russian courts since the amendments to the Russian Arbitrazh Procedure Code, whereby Russian entities seek anti-suit injunctions to prohibit the commencement or continuation of proceedings in foreign courts.

12. Attached as Exhibit K is a true and correct copy of an article published by Baker & McKenzie LLP on July 27, 2022 titled "The consequences of the sanctions against the Russian Federation and of the Russian countermeasures for international arbitration and litigation." This article explains how following the sanctions imposed on Russia and pursuant to the amendments to the Russian Arbitrazh Procedure Code, a sanctioned Russian entity that seeks to avoid litigation in a foreign forum may ignore a forum-selection clause and apply for an injunction in a Russian court to enjoin the opposing party from prosecuting its claim in a foreign court.

13. Some Western courts, however, have issued anti-suit injunctions against certain Russian parties to prevent them from continuing these types of proceedings in Russia if the Russian courts are an improper forum for resolving the dispute. For example, attached as Exhibit L is a true and correct copy of an anti-suit injunction that Barclays Bank PLC ("Barclays") obtained in the United Kingdom against PJSC Sovcombank and LLC Sodeistvie Mezhdunarodnym Raschetam to enjoin them from prosecuting claims against Barclays in Russia.

14. The anti-suit injunctions issued by Western courts have proven to have a deterrent effect on Russian parties thus far. For example, attached as Exhibit M is a true and correct copy of an anti-suit injunction that Barclays obtained in the United Kingdom against JSC Alfa-Bank ("Alfa-Bank"), a Russian bank, to enjoin it from prosecuting its claims against Barclays in Russia. Following the issuance of this anti-suit injunction, Alfa-Bank moved to withdraw its claim against Barclays in Russia. Attached as Exhibit N is a true and correct copy of a ruling by the Russian court accepting Alfa-Bank's withdrawal of its claim against Barclays, along with a true and correct translation of the relevant excerpts thereof.

15. As another example, attached as Exhibit O is a true and correct copy of an anti-suit injunction that Barclays obtained in the United Kingdom against VEB.RF, a Russian state-owned corporation, to enjoin it from prosecuting its claims against Barclays in Russia. Following the issuance of this anti-suit injunction, VEB.RF requested an adjournment of a hearing in its Russian litigation in light of the injunction. Attached as Exhibit P is a true and correct copy of a ruling by the Russian court adjourning a hearing at VEB.RF's request, along with a true and correct translation of the relevant excerpts thereof.

16. There has been no prior request for the relief requested herein before this Court or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2024

                                                         _/s/ Craig T. Cagney_
                                                          Craig T. Cagney