# EXHIBIT F

# EXHIBIT F

 

19_37969866



## АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ
115225, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru

Именем Российской Федерации
**Р Е Ш Е Н И Е**

г. Москва
**15 декабря 2023г.**                                        Дело № А40-132667/23-19-1024
**Резолютивная часть решения объявлена                   08 декабря 2023г.**
**Мотивированное решение изготовлено                     15 декабря 2023г.**

Арбитражный суд в составе судьи Подгорной С.В.,
при ведении протокола секретарем судебного заседания В.П. Ротарь,
рассмотрев в открытом судебном заседании дело
**по иску** ПАО Росбанк (ИНН: 7730060164, ОГРН: 1027739460737)
**к ответчикам:**
1) ING BANK N.V., LONDON BRANCH (8-10 Moorgate, London, EC2R6DA);
2) ING BANK N.V. (Bijlmerdreef 106, 1102 Ct Amsterdam, Netherlands)
3-тье лицо ПАО Совкомбанк (ИНН 4401116480, ОГРН 1144400000425)
о солидарном взыскании с ответчиков 24 925 746 руб. 95 коп. (239 500 долларов США по курсу 104,0741 руб. за 1 доллар США) убытков в связи с неисполнением обязательств по кредитному договору от 21.12.2021 г.
при участии:
от истца: Перепечин Д.В., доверенность №725 от 19.11.2021 г., паспорт, диплом; Цепляева Н.Е., доверенность №767 от 03.12.2021 г., паспорт, диплом;
от ответчиков: не явились, извещены

**УСТАНОВИЛ**: ПАО Росбанк обратилось с исковым заявлением к ING BANK N.V., LONDON BRANCH и ING BANK N.V. с участием 3-его лица ПАО «Совкомбанк» о солидарном взыскании 24 925 746 руб. 95 коп. убытков по кредитному договору от 21.12.2021 г.

В судебном заседании был объявлен перерыв.

Ответчики и третье лицо в судебное заседание не явились, извещены надлежащим образом о времени и месте проведения судебного заседания.

Спор рассматривается в соответствии со ст. 156 АПК РФ в отсутствие представителей ответчиков и третьего лица.

Истец поддержал исковые требования, просил их удовлетворить.

Оценив представленные доказательства, выслушав представителя истца, суд пришел к выводу об удовлетворении исковых требований исходя при этом из следующего.

Как усматривается из материалов дела, 21.12.2021г. между ПАО «Совкомбанк» и кредиторами, включая ПАО Росбанк, с участием кредитного агента - ING BANK N.V., LONDON BRANCH был заключен кредитный договор.

Размер финансирования, предоставляемого каждым из кредиторов, установлен в приложении 1 к Договору.

В соответствии с пп. «Ь» п. 5.3 договора валютой каждого займа должны быть доллары США.

1

2

Процентная ставка по каждому займу для каждого процентного периода представляет собой годовую процентную ставку, которая представляет собой совокупность применимых маржи (в размере 1.70% годовых) и ставки LIBOR (п. 8.1 договора).

21.12.2021г. в адрес истца от ПАО «Совкомбанк» поступил запрос на предоставление финансирования по договору с указанием суммы, а также применяемой процентной ставки.

23.12.2021г. истцом исполнены обязательства по предоставлению финансирования в размере 50 000 000 долларов США.

Согласно п. 8.2 договора заемщик уплачивает начисленные проценты по займу в последний день каждого процентного периода.

В соответствии с пп. «а» п. 9.1 договора каждый процентный период по каждому займу составляет три месяца или представляет собой другой период, согласованный между заемщиком и кредитным агентом (действующим по поручению всех кредиторов).

Таким образом, первый процентный период, за который истцу причитались проценты: с 23.12.2021г. по 23.03.2022г., и проценты, в установленном договоре размере, подлежали уплате ПАО «Совкомбанк» 23.03.2022г.

24.02.2022г. ПАО «Совкомбанк» был включен в санкционный список Министерства финансов США в соответствии с приказом президента США 14024 и блокирующими санкциями, введенными Управлением по контролю за иностранными активами Министерства финансов США (OFAC).

С указанной даты заемщик не мог выполнять свои обязательства по договору в валюте платежа - долларах США, кроме того, в отношении него был введен ряд ограничений, не позволяющих производить расчеты по обязательствам с иностранными кредиторами и контрагентами.

05.03.2022г. был издан Указ Президента Российской Федерации № 95 «О временном порядке исполнения обязательств перед отдельными иностранными кредиторами», согласно которому в целях исполнения обязательств, названных в п. 1 Указа № 95, к которым, в том числе, относятся обязательства по кредитам, должник вправе направить в российскую кредитную организацию заявление об открытии на имя иностранного кредитора или иностранной организации, имеющей право в соответствии с ее личным законом осуществлять учет и переход прав на ценные бумаги (иностранный номинальный держатель), в отношении которых осуществляется исполнение обязательств, счета типа «С», предназначенного для проведения расчетов по данным обязательствам.

21.03.2022н. ПАО «Совкомбанк» уведомил ING BANK N.V., LONDON BRANCH о том, что в целях исполнения обязательства по договору был открыт счет типа «С» на имя ING BANK N.V., LONDON BRANCH в соответствии с Указом № 95, а также об инструкциях необходимых для получения кредитным агентом денежных средств, причитающихся кредиторам в счет исполнения обязательств.

Впоследствии ПАО Росбанк было получено письмо от ING BANK N.V., LONDON BRANCH об осуществлении перевода заемщиком на сумму 294 123 814руб. 01коп. в счет уплаты процентов за первый процентный период, причитающихся кредиторам.

При этом доля ПАО Росбанк на дату осуществления платежа составила 24 925 746руб. 95коп.

В соответствии с п. 29.2 договора каждый платеж, полученный кредитным агентом по финансовым документам (к которым также относится договор) для другой стороны, должен быть предоставлен кредитным агентом в кратчайшие сроки после его получения стороне, имеющей право на получение платежа в соответствии с договором.

Однако, кредитный агент обязательства по перечислению денежных средств, полученных по договору от заемщика, не исполнил.

17.04.2023г. истцом в адрес ING BANK N.V. и ING BANK N.V., LONDON BRANCH направлено требование об исполнении обязательств по договору в части перечисления причитающихся истцу процентов за период с 23.12.2021г. по 23.03.2022г., однако, ответчики свои обязательства не исполнили.

Согласно п. 29.12 договора если в финансовом документе не предусмотрен срок осуществления конкретного платежа, такой платеж должен быть осуществлен в течение

3

трех рабочих дней после предъявления требования лица, которому должен быть произведен платеж (или, если такое лицо является финансовой стороной, кредитным агентом).

В соответствии с пп. «e» п. 26.10 договора ответственность кредитного агента, возникающая по финансовому документу или в связи с ним, ограничивается суммой понесенных фактических убытков (определяемых по дате неисполнения кредитным агентом или, впоследствии, по дате возникновения убытков в результате неисполнения обязательств).

Согласно пп. «b» п. 2.2 договора права каждой стороны финансирования в соответствии с финансовыми документами или в связи с ними являются отдельными и независимыми правами, при этом любой долг заемщика, возникающий в соответствии с финансовыми документами перед стороной финансирования является отдельным и независимым долгом, в отношении которого сторона финансирования вправе осуществлять свои права.

В связи с тем, что ПАО Росбанк денежные средства в размере 24 925 746руб. 95коп. до настоящего момента не получены, на стороне истца возник реальный ущерб в указанном размере

Согласно п. 2 ст. 15 ГК РФ под убытками понимаются расходы, которые лицо, чье право нарушено, произвело или должно будет произвести для восстановления нарушенного права, утрата или повреждение его имущества (реальный ущерб), а также неполученные доходы, которые это лицо получило бы при обычных условиях гражданского оборота, если бы его право не было нарушено (упущенная выгода).

По смыслу вышеуказанных норм закона, для взыскания убытков лицо, требующее их возмещения, должно доказать нарушение своего права, наличие причинной связи между нарушением права и возникшими убытками, а также размер убытков.

Так, материалы дела свидетельствуют, что истцом доказана противоправность поведения ответчика, незаконность действий (бездействия), наличие и размер причиненного вреда, вина ответчика, а также наличие прямой причинной связи между действиями ответчика и причиненными истцу убытками.

При таких обстоятельствах, исковые требования о взыскании 24 925 746руб. 95коп. убытков признаются судом доказанными и подлежащими удовлетворению в судебном порядке.

На основании ст. 110 АПК РФ расходы истца по оплате государственной пошлины относятся на ответчика.

На основании изложенного и руководствуясь ст. ст. 15, 309, 310, 329 ГК РФ, ст. ст. 110, 123, 156, 167-171, 176 АПК РФ, суд

**РЕШИЛ:**

Взыскать солидарно с ING BANK N.V., LONDON BRANCH и ING BANK N.V. в пользу ПАО Росбанк (ИНН: 7730060164) 24 925 746 руб. 95 коп. убытков, а также расходы по уплате государственной пошлины в сумме 147.629 руб. 00 коп.

Решение может быть обжаловано в месячный срок с даты его принятия в Девятый арбитражный апелляционный суд.

Судья: С.В. Подгорная

[QR code]   19_37969866

[barcode:] 14020015327413

[emblem]
# COMMERCIAL COURT OF THE CITY OF MOSCOW
17 Bolshaya Tulskaya Street, Moscow, 115225
http://www.msk.arbitr.ru

## In the Name of the Russian Federation
## JUDGEMENT

**Moscow**
**December 15, 2023**                                              Case No. A40-132667/23-19-1024
**The operative part of the decision was announced on**                  December 8, 2023

**Reasoned Judgement prepared on**                                        December 15, 2023

Commercial Court comprising Judge S.V. Podgornaya,
with the court record kept by court clerk V.P. Rotar, having heard in public the case
**upon the claim** filed by Rosbank PJSC (INN: 7730060164, OGRN: 1027739460737)
**against the Defendants:**
1)  ING BANK N.V., LONDON BRANCH (8-10 Moorgate, London, EC2R6DA);
2)  ING BANK N.V. (Bijlmerdreef 106, 1102 Ct Amsterdam, Netherlands)
Third party Sovcombank PJSC (INN 4401116480, OGRN 1144400000425)
on joint and several recovery from the Defendants of RUB 24,925,746. 95 (USD 239,500 at the exchange rate of RUB 104.0741 per USD 1) of damages resulted from default under the Loan Agreement dated 12.21.2021.
appearing:
for the Plaintiff: D.V. Perepechin, Power of Attorney No. 725 dated 11.19.2021, passport, diploma; N.E. Tseplyaeva, Power of Attorney No. 767 dated 12.03.2021, passport, diploma;
for the Defendants: no appearance, notified

**HAS FOUND**: Rosbank PJSC filed a statement of claim vs. ING BANK N.V., LONDON BRANCH and ING BANK N.V. with involvement of the third party Sovcombank PJSC for joint and several recovery of RUB 24,925,746.95 of damages under the Loan Agreement dated 12.21.2021.

The court hearing is adjourned.
Defendants and the Third Party did not appear at the court hearing, had been duly notified of time and place of the court hearing.
The dispute shall be dealt with in accordance with Article 156 of the CPC RF in the absence of representatives of the Defendants and the Third Party.
The Plaintiff supported the claims and asked to grant those.
Having assessed the evidence furnished, having heard the Plaintiff's representative, the court came to the conclusion that the claims shall be granted on the following grounds.

As it appears from the case file, on 12.21.2021, loan agreement was entered into between Sovcombank PJSC and the creditors, including Rosbank PJSC, with the participation of the facility agent ING BANK N.V., LONDON BRANCH.

The amount of funding provided by each of the creditors is set out in Appendix 1 to the Agreement.

Pursuant to sub-clause "b" of clause 5.3 of the Agreement, the currency of each loan shall be US dollars.

The interest rate for each loan in each interest period shall be the annual interest rate, which is the total of applicable margins (of 1.70% per annum) and the LIBOR rate (clause 8.1 of the Agreement).

On 12.21.2021, the Plaintiff received a request from Sovcombank PJSC to disburse financing under the Agreement stating the amount and the applicable interest rate.

On 12.23.2021, the Plaintiff fulfilled its obligations to disburse the funding in the amount of USD 50,000,000.

Pursuant to clause 8.2 of the Agreement, the Borrower shall pay the accrued interest on the loan on the last day of each interest period.

Pursuant to sub-clause a of clause 9.1 of the Agreement, each interest period for each loan shall be three months or another period agreed between the borrower and the facility agent (acting on behalf of all creditors).

Hence, the first interest period for which the interest was due to the Plaintiff: from 12.23.2021 to 03.23.2022, and interest in the amount set forth in the Agreement, were due to be paid by Sovcombank PJSC on 03.23.2022.

On 02.24.2022 Sovcombank PJSC was designated by the U.S. Department of the Treasury pursuant to U.S. Executive Order 14024 and blocking sanctions imposed by the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC).

From this date, the Borrower could not discharge of its obligations under the Agreement in the payment currency, USD, and a number of restrictions were imposed against it that prevented payments under obligations to foreign creditors and counterparties.

On 03.05.2022, the President of the Russian Federation signed Executive Order No. 95 On Temporary Procedure for Meeting Obligations to Certain Foreign Creditors, according to which, for the purpose of fulfilling obligations listed in clause 1 of Executive Order No. 95, including, but not limited to, loan obligations, the debtor may send to the Russian credit institution an application to open type C account in the name of a foreign creditor or foreign institution entitled under its personal law to account for and transfer rights to securities (foreign nominee holder) in respect of which performance of obligations is performed; such account designed for settlements under these obligations.

On 03.21.2022 Sovcombank PJSC notified ING BANK N.V., LONDON BRANCH that for the purpose of fulfilling the obligation under the Agreement, type C account was opened in the name of ING BANK N.V., LONDON BRANCH in accordance with Executive Order No. 95, and on the instructions required for the facility agent to receive the funds due to the creditors under the obligations.

Subsequently, Rosbank PJSC received a letter from ING BANK N.V., LONDON BRANCH on transfer by the Borrower of RUB 294,123,814.01 kopecks for the interest due to the creditors for the first interest period.

The share of Rosbank PJSC on the payment date was RUB 24,925,746.95.

Pursuant to clause 29.2 of the Agreement, each payment received by the facility agent upon financial documents (which also include the Agreement) for the other party shall be forwarded by the facility agent as soon as possible after it has been received to the party entitled to the payment under the Agreement.

However, the facility agent failed to discharge of the obligation to transfer the funds received under the Agreement from the Borrower.

On 04.17.2023, the Plaintiff sent a demand to ING BANK N.V. and ING BANK N.V., LONDON BRANCH to discharge of obligations under the Agreement in relation to the transfer of interest due to the Plaintiff for the period from 12.23.2021 to 03.23.2022, however, the Defendants did not discharge of

3

their obligations.

Pursuant to clause 29.12 of the Agreement, if the financial document does not provide for a specific payment deadline, such payment must be made within three business days after the demand has been made by the party due to receive the payment (or by the facility agent if such party is a financial party).

Pursuant to sub-clause e of clause 26.10 of the Agreement, the facility agent's liability arising out of or in connection with the financial document shall be limited to the amount of actual damage incurred (determined on the basis of the date of default by the facility agent or, subsequently, the date the damage has been incurred as the result of default).

Pursuant to clause b of clause 2.2 of the Agreement, the rights of each financing party in under or in connection with the financial documents are separate and independent rights, and any debt of the borrower arising under the financial documents to the funding party is a separate and independent debt in respect of which the funding party may exercise its rights.

Due to the fact that Rosbank PJSC has not received RUB 24,925,746.95 to date, compensatory damage was incurred by the Plaintiff in the said amount

Pursuant to clause 2 of Article of CC RF, damages are defined as expenses that the person whose right has been violated has incurred or will have to incur to restore the violated right, loss of or damage to its property (actual damages), and lost income that the person would have received under normal business conditions if their right had not been violated (lost profit).

Within the meaning of the above provisions of the law, in order to recover the damage, the party seeking their compensation must prove violation of their right, causal relationship between violation of the right and the damage incurred, as well as the amount of damage.

So, the case file shows that the Plaintiff proved the unlawfulness of the Defendant's behavior, the unlawfulness of actions (inaction), the harm caused and its amount, the Defendant's guilt, and the direct causal relationship between the Defendant's actions and the damage caused to the Plaintiff.

In such circumstances, the claims for recovery of RUB 24,925,746.95 in damages shall be recognized by the court as proven and shall be granted.

On the basis of Article 110 of CPC RF, the Plaintiff's state duty expenses shall be borne by the Defendant.

On the basis of the above and guided by Articles 15, 309, 310, 329 of CC RF, Articles 110, 123, 156, 167-171, 176 of CPC RF, the court

**HELD:**

To recover jointly and severally from ING BANK N.V., LONDON BRANCH and ING BANK N.V. in favor of Rosbank PJSC (INN: 7730060164) RUB 24,925,746.95 kopecks in damages, and state duty expenses of RUB 147,629.00.

This decision may be appealed within one month from the date of its adoption to the Ninth Commercial Court of Appeal.

Judge                                                                                                              S.V. Podgornaya



STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK

## CERTIFICATION

I, Jacqueline Yorke, as an employee of TransPerfect Translations, Inc., do hereby certify, to the best of my knowledge and belief, that the provided Russian into English translation(s) of the source document(s) listed below are true and accurate:

- Rosbank v. ING Bank

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

_____
Jacqueline Yorke, Project Manager

Sworn to before me this
Tuesday, April 16, 2024

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE