UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
: 
JPMORGAN CHASE BANK, N.A., :
: Case No. 1:24 Civ. 02924 (LGS)
: 
Plaintiff, :
: 
- against - :
: 
VTB BANK, P.J.S.C., :
: 
Defendant. :
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF SERVICE
AND IN FURTHER SUPPORT OF MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY ANTI-SUIT INJUNCTION**

I, Craig T. Cagney, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney duly admitted to practice law in this Court and a counsel at Davis Polk & Wardwell LLP, counsel to Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan").

2. When JPMorgan filed its Motion for a Temporary Restraining Order and Preliminary Anti-Suit Injunction (the "Motion"), it did not yet have access to the claim (the "Russian Complaint") filed by Defendant VTB Bank, P.J.S.C. ("VTB") in the Arbitrazh court of the city of Saint-Petersburg and Leningrad region (the "Russian Action") against JPMorgan and several of its affiliates. JPMorgan has now obtained a copy of the Russian Complaint. Attached as Exhibit A is a true and correct copy of VTB's Russian Complaint, along with a certified English translation thereof. The Russian Complaint completely tracks the claims

foreshadowed and asserted in VTB's pre-suit demand letters. More specifically, the Russian Complaint explains that VTB held a correspondent account with JPMorgan ending in *7557 and containing approximately $439 million. *Id*. at 2-3. It further alleges that JPMorgan and its affiliates have illegally withheld from VTB the $439 million that was deposited in VTB's correspondent account and seeks a judgment from the Russian court to hold JPMorgan and its affiliates jointly and severally liable for the $439 million. *Id*. at 14-15.

3. In accordance with this Court's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 15), on April 18, 2024 and April 19, 2024, before 5:00 PM, I served VTB by electronic mail with true and correct copies of this Court's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 15) and attached thereto true and correct copies of the Complaint (Dkt. No. 1), the Memorandum of Law in Support of the Proposed Order to Show Cause (Dkt. No. 8), the Summons Issued as to VTB Bank (Dkt. No. 9), the Declaration of Craig T. Cagney in Support of the Proposed Order to Show Cause with Exhibits A-P attached thereto (Dkt. No. 10), the Declaration of Konstantin Kroll in Support of the Proposed Order to Show Cause with Exhibits A-H attached thereto (Dkt. No. 11), the Declaration of Denice Richarts in Support of the Proposed Order to Show Cause with Exhibits A-C attached thereto (Dkt. No. 12), and the Declaration of Donna Mainetti in Support of the Proposed Order to Show Cause with Exhibits A-C attached thereto (Dkt. No. 13).

4. I sent the above-referenced court filings via electronic mail to corp@vtb.ru and info@vtb.ru. These are the same email addresses contained and referenced in both VTB's pre-litigation demand letters to JPMorgan and its affiliates (*see* Dkt. Nos. 12-2 at 6; 12-3 at 6), and in the Russian Complaint. I also sent the court filings to obagaev@vtb.ru, an email address previously used by JPMorgan to send correspondence to Oleg Bagaev, the Head of Staff to VTB's President and Chairman of the Management Board, Andrey Kostin. JPMorgan has

2

previously corresponded with and received emails from VTB at these email addresses. Attached as Exhibits B-C are true and correct copies of the transmittal emails sent to these addresses. Attached as Exhibits F-G are email confirmations that I received, stating that the emails were successfully delivered to the server associated with these email addresses.

5. Because there are currently no mail or courier services available from the United States to Russia,[1] on April 19, 2024, before 5:00 p.m., I caused the Mail Services Department of Davis Polk & Wardwell's Hong Kong Office to commence delivery of true and correct copies of the aforementioned documents, *see supra,* ¶ 3, enclosed in a properly addressed wrapper in the custody of Hongkong Post[2] for delivery via certified mail to the following addresses:

> VTB Bank
> Ul. Bolshaya Morskaya, 29, St. Petersburg, Russia
>
> Aleksey V. Zolotukhin, Head of Distressed Assets Division, VTB Bank
> 43, Bldg. 1, Vorontsovskaya Street, 109147 Moscow, Russia
>
> Andrey L. Kostin, President, Chairman of the Management Board, VTB Bank
> 12, Presnenskaya Embankment, Moscow, Russia[3]

Attached as Exhibit L is a tracking sheet confirming that these packages have been "Handed over to carrier / Left for destination" as of April 22, 2024, meaning that the mailing has commenced and is en route to Russia from Hong Kong.

6. In accordance with the Order to Show Cause and Temporary Restraining Order,

---

[1] U.S. mail carriers, including USPS, UPS, and DHL, have suspended all services in Russia.

[2] Hongkong Post is a government department of Hong Kong that still provides postal services to Russia.

[3] The VTB addresses Ul. Bolshaya Morskaya, 29, St. Petersburg, Russia, and 43, Bldg. 1, Vorontsovskaya Street, 109147 Moscow, Russia, are those identified in JPMorgan's records as the addresses of record for VTB. VTB was successfully served at these addresses in a previous litigation before this Court. *See Schansman, et. al. v. Sberbank of Russia PJSC, et. al.*, 1:19cv2985 (S.D.N.Y. 2019), Dkt. Nos. 37, 66).

I believe that 12, Presnenskaya Embankment, Moscow, Russia is the address of Andrey L. Kostin, the President and Chairman of the Board of VTB.

I also took steps to provide VTB with certified Russian translations of the aforementioned documents, *see supra,* ¶ 3, by the same methods as soon as they became available. Specifically, on April 19, 2024, after 5:00 PM, I sent the certified Russian translations of the aforementioned documents, *see supra,* ¶ 3, to VTB by electronic mail to the email addresses corp@vtb.ru, info@vtb.ru, and obagaev@vtb.ru. Attached as Exhibits D-E are true and correct copies of the transmittal emails sent to these addresses. Attached as Exhibit H is an email confirmation that I received that one of these emails was successfully delivered to the server associated with these email addresses. On April 19, 2024, I also provided the Mail Services Department of Davis Polk & Wardwell's Hong Kong Office with certified Russian translations of the above-referenced documents, *see supra* ¶ 3, the delivery of which they commenced on April 22, 2024, to the three addresses above, *see supra* ¶ 5*,* via Hongkong Post. Attached as Exhibit M is a tracking sheet confirming that the status of packages are "Process completed for departure," meaning they have been received by the Hongkong Post and will soon be en route to Russia.

   7. My emails to VTB were actually received by VTB by April 20, 2024. Attached as Exhibits I-J are two responses received from info@vtb.ru acknowledging receipt of my emails on April 19, 2024, along with certified Russian translations of those acknowledgments. Attached as Exhibit K is a read receipt confirming that one of my emails to corp@vtb.ru was read on April 20, 2024.

   8. In addition to serving VTB as required by the Court's Order to Show Cause as described above, I also took several additional steps to ensure VTB received timely notice of this lawsuit and the Court's Order to Show Cause and Temporary Restraining Order as quickly as possible. On April 19, 2024, I sent the aforementioned documents, *see supra,* ¶ 3, along with certified Russian translations, by email to Robert Landy of Ford O'Brien Landy LLP, at rlandy@fordobrien.com, U.S. counsel of record for VTB in another matter pending in this

District.  *See Schansman, et. al. v. Sberbank of Russia PJSC, et. al.*, 1:19-cv-2985 (S.D.N.Y. 2019).[4]  I have previously corresponded with Mr. Landy as counsel for VTB in connection with another matter filed in this District, and reached out to him as a courtesy and in order to facilitate notice to VTB.  Mr. Landy responded that he was not authorized to accept service on behalf of VTB at this time, but that he would forward the materials to his contacts at VTB.  Mr. Landy subsequently contacted me via email to indicate that he had not been retained by VTB in connection with this matter and would take no further actions unless he was.  Attached as Exhibit N is my correspondence with Mr. Landy.[5]

9.    On April 19, 2024, I retained Crowe Foreign Services to deliver true and correct copies of the aforementioned documents, *see supra* ¶ 3, along with certified Russian translations, to VTB at the addresses above, *see supra* ¶ 5, via certified mail from within Russia and by personal delivery within Russia as soon as practicable.  As of the date of this declaration, the aforementioned documents, *see supra* ¶ 3, have been provided to Crowe Foreign Services' process server in Moscow, Russia, and delivery is expected to be completed in the coming days.

10.   After VTB failed to submit any opposition to JPMorgan's motion, I forwarded my previous email notices to the following additional email addresses associated with VTB on

---

[4] VTB is familiar with the U.S. legal process based on its experience in the *Schansman* case.  VTB was served in the *Schansman* action at the same email and mailing addresses used by JPMorgan.  *See* 1:19-cv-2985 (Dkt. Nos. 66, 70).  VTB appeared to contest the proceedings in *Schansman,* including moving to dismiss.  *See* 1:19-cv-2985 (Dkt. No. 99).  VTB continues to defend those proceedings, and Mr. Landy has filed correspondence with the Court on behalf of VTB as recently as April 12, 2024.  *See* 1:19-cv-2985 (Dkt. No. 577).

[5] In addition, I took other efforts to ensure VTB received notice of the lawsuit as quickly as possible, even after serving VTB in accordance with the Court's directive.  Beginning on April 19, 2024, I attempted to deliver true and correct copies of the aforementioned documents, *see supra,* ¶ 3, to VTB via both digital fax and traditional fax machines, at (495) 258-47-81, the fax number listed in VTB's demand letters to JPMorgan, *see* Dkt. Nos. 12-2 at 6; 12-3 at 6, and at (380) 44-5936475, a fax number associated with Alexei Vladimirovich Lozovoy, who signed the Russian Complaint on behalf of VTB and reportedly was previously the head of VTB's legal department.  The digital faxes were met with a "no answer" response and the traditional faxes were met with an error tone on the phone line, suggesting that the fax line was no longer in service.  JPMorgan also explored sending additional notifications to VTB via SWIFT messages with a URL containing the relevant court documents, but this method of communication was not possible because VTB was removed from the SWIFT system due to the Western sanctions.

April 23, 2024 to further ensure VTB is aware of both the Order to Show Cause and Temporary Restraining Order, as well as the hearing on JPMorgan's motion scheduled for Thursday: frolovaov@vtb.ru and euokolesnikova@vtb.ru, which are email addresses associated with VTB employees who had previously corresponded with JPMorgan about the Correspondent Account; investorrelations@vtb.ru, shareholders@vtb.ru, and KSA@vtb.ru, which are general email addresses provided for institutional investors and shareholders on VTB's website, vtb.com/about/contacts; and several email addresses believed to be associated with Alexey Lozovoy, who signed the Russian Complaint on behalf of VTB and reportedly was previously the head of VTB's legal department.  Attached as Exhibit O is a true and correct copy of the transmittal email sent to these addresses.  Attached as Exhibit P is an email confirmation that I received, stating that the email was successfully delivered to the server associated with these email addresses.  Attached as Exhibit Q is an email received from info@vtb.ru acknowledging receipt of my email.  Attached as Exhibit R is a read receipt confirming that my email to eukolesnikova@vtb.ru was read.

      11.    I also note this action has been widely reported by news outlets in the U.S. and Russia.  For example, on April 18, 2024, Reuters issued an article titled "JPMorgan Chase sues Russia's VTB Bank over effort to unfreeze assets," attached hereto as Exhibit S.  The article states that Reuters had contacted VTB for a comment, and in its response, "VTB declined to discuss its lawsuit in Russia, and had no immediate comment on JPMorgan's lawsuit," indicating that VTB is aware of this action.  Several Russian news outlets have also reported on this action, and several have indicated that VTB declined to comment, again indicating VTB's awareness of the action.  Attached as Exhibits T-X are articles reporting on this action by the Russian media, along with true and correct English translations thereof.

      12.    To JPMorgan's knowledge, VTB has not yet taken any steps in Russia to suspend

or discontinue the Russian Action after JPMorgan provided it with notice of this Court's Order to Show Cause and Temporary Restraining Order. As previously indicated, VTB had made a request for interim measures, along with the filing of the Russian Complaint on April 17, 2024. Although I do not know if VTB has taken additional affirmative steps since its April 17th filing of the Russian Complaint and request for interim measures, I understand that the Russian court has now accepted the Russian Complaint for consideration (i.e. it meets the necessary formalities), set a hearing for July 17, 2024, and has partially granted the request for interim measures by ordering certain assets belonging to JPMorgan and its affiliates up to the value of VTB's claim against JPMorgan, to be frozen during the pendency of the Russian Action. To my knowledge, VTB has not yet sought or obtained a writ of execution or otherwise caused the freeze order to be served on JPMorgan, but neither has VTB sought to dismiss the Russian Action or withdraw the request for any asset freeze or seizure, in contravention of this Court's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 15).

13. For the foregoing reasons, and those set forth in JPMorgan's Motion, JPMorgan respectfully requests that this Court grant JPMorgan's Motion and enter a preliminary injunction requiring VTB to discontinue and dismiss the Russian Action, including seeking to vacate the order for interim measures, pending resolution of this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2024

                                                                    */s/ Craig T. Cagney*
                                                                   Craig T. Cagney