UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
JPMORGAN CHASE BANK, N.A.,                           :
                                                     :
                                                     :
                                                     :    1:24 Civ. 02924 (LGS)
              Plaintiff,                              :
                                                     :
                                                     :
       - against -                                   :    **ORDER GRANTING**
                                                     :    **PRELIMINARY**
VTB BANK, P.J.S.C.,                                  :    **INJUNCTION**
                                                     :
                                                     :
              Defendant.                             :
                                                     :
                                                     :
                                                     :
                                                     :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UPON the record established at the hearing on the application for a preliminary

injunction (the "Motion") in the above-referenced case (the "Action") filed by Plaintiff

JPMorgan Chase Bank, N.A. ("JPMorgan") against Defendant VTB Bank, P.J.S.C. ("VTB"); the

Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 15)

(the "Order to Show Cause and TRO") issued on April 18, 2024; the supporting Declaration of

Craig T. Cagney, dated April 23, 2024, and all exhibits thereto, demonstrating service of the

Order to Show Cause and TRO on VTB; the supporting Declaration of Craig T. Cagney, dated

April 18, 2024, and all exhibits thereto; the supporting Declarations of JPMorgan employees

Denice Richarts and Donna Mainetti, dated April 5, 2024, and April 8, 2024, respectively, and

all exhibits thereto; the supporting declaration of Konstantin Kroll, dated April 17, 2024, and all

exhibits thereto; the Memorandum of Law in Support of JPMorgan's Motion for an *Ex Parte*

Temporary Restraining Order and Preliminary Anti-Suit Injunction; JPMorgan's complaint; and

all papers and orders entered in the record heretofore;

IT IS HEREBY ORDERED that:

1.      It is DECLARED, ADJUDGED and DECREED, that JPMorgan has made the necessary showing for a preliminary injunction of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits claim to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief," and (c) that an injunction is in the public interest. *Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.*, 922 F. Supp. 2d 435, 439, 444 (S.D.N.Y. 2013) (citing *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

       a.      The Court FINDS, based on JPMorgan's showing, that VTB has caused and is causing JPMorgan and its affiliates irreparable harm by commencing and maintaining its claim against JPMorgan and its affiliates in the Arbitrazh court of the city of Saint-Petersburg and Leningrad region (the "Russian Action") in violation of the forum selection clause in Section 16.3 of the Account Terms, *see* Compl. Ex. A (Dkt. No. 1), governing the correspondent bank account held at JPMorgan ending in *7557 (the "Correspondent Account"), and by obtaining an order in the Russian Action freezing certain of JPMorgan's and its affiliates' assets in Russia (the "Freeze Order").

       b.      The Court further FINDS, based on JPMorgan's showing, that JPMorgan is likely to succeed on the merits of its claim that VTB has breached the forum selection clause in Section 16.3 of the Account Terms by commencing the Russian Action. Section 16.3 of the Account Terms provides that, "In relation to each Account, the courts of the country or state in which the branch of the Bank at which the Account is held shall have exclusive jurisdiction to settle any disputes that arise out of or are connected with

2

the Account Terms, the Account Documentation and/or the Account and the Customer agrees to submit to the jurisdiction of such courts." Compl. Ex. A § 16.3 (Dkt. No. 1). This forum selection clause requires that disputes or suits related to or arising out of the agreement be adjudicated in the state or federal courts of New York. Based on JPMorgan's showing, VTB agreed to be bound by the Account Terms when it opened the Correspondent Account. Under the Account Terms, VTB waived its sovereign immunity both with respect to this action and to service. *See* Mainetti Decl. Ex. C § 17.7 (Dkt. No. 13-3). VTB's account was frozen before JPMorgan terminated its agreement with VTB, and the forum selection clause survives the termination of the agreement. *See George V Eatertainment S.A. v. Elmwood Ventures LLC*, 2023 WL 2403618, at *8 (S.D.N.Y. Mar. 8, 2023). The claims asserted against JPMorgan and its affiliates in the Russian Action fall squarely within the scope of the claims subject to the forum selection clause that must be brought exclusively in New York state or federal courts.

      c.     The Court further FINDS, based on JPMorgan's showing, that a preliminary injunction is in the public interest. A preliminary injunction will preserve the parties' rights under the agreement, particularly JPMorgan's right to have all of VTB's disputes concerning the Correspondent Account adjudicated exclusively in New York. A preliminary injunction also prevents JPMorgan from being punished merely for complying, as it must, with U.S. law, which imposed the sanctions that froze VTB's account, even though VTB acknowledged and agreed in the Account Terms that the Correspondent Account would be governed by U.S. law and that JPMorgan could block the account to comply with U.S. sanctions. *See* Compl. Ex. A §§ 16.1, 17.5 (Dkt. No. 1).

2.      It is further DECLARED, ADJUDGED and DECREED, that an anti-suit injunction is appropriate here.  "It is beyond question that a federal court may enjoin a party before it from pursuing litigation in a foreign forum."  *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 651 (2d Cir. 2004).  A court may require a defendant to halt foreign litigation if (1) "the parties are the same in both matters"; (2) "resolution of the case before the enjoining court is dispositive of the action to be enjoined"; and (3) "the foreign action threatens the jurisdiction or the strong public policies of the enjoining forum."  *Id.* at 652 (citing *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35-36 (2d Cir. 1987)).  "The fact that the injunction operates only against the parties, and not directly against the foreign court, does not eliminate the need for due regard to principles of international comity, because such an order effectively restricts the jurisdiction of the court of a foreign sovereign." *China Trade & Dev. Corp.*, 837 F.2d at 35.  Giving due consideration to concerns of international comity, an anti-suit injunction should be "used sparingly," and granted "only with care and great restraint," where "the foreign action threatens the jurisdiction of the enjoining forum," and "strong public policies of the enjoining forum are threatened by the foreign action." *Id.* at 36.

   a.      Applying these standards, the Court FINDS, based on JPMorgan's showing, that the parties are the same in both this Action and in VTB's Russian Action, notwithstanding that VTB has joined certain additional JPMorgan affiliates in the Russian Action.

   b.      The Court further FINDS that JPMorgan's Action before this Court is dispositive of VTB's Russian Action to be enjoined, and concerns enforcement of a

forum selection clause that dictates that suit proceed in the state and federal courts sitting in New York, and not in Russia.

        c.      Having considered the relevant authorities, the Court FINDS that granting an anti-suit injunction is appropriate and not inconsistent with or at odds with principles of international comity.  The Russian Action threatens the exclusive jurisdiction of this forum, which VTB agreed to in the parties' contract, and threatens the strong public policies of the United States.  Both the United States and New York strongly favor enforcement of forum selection clauses.  *See, e.g.*, *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 130 (S.D.N.Y. 1997), *aff'd sub nom. Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115 (2d Cir. 1998) (per curiam); *Int'l Fashion Prods., B.V. v. Calvin Klein, Inc.*, 1995 WL 92321, at *2 (S.D.N.Y. Mar. 7, 1995); *Beijing Fito Med. Co. v. Wright Med. Tech., Inc.*, 763 F. App'x 388, 399–400 (6th Cir. 2019).  In addition, permitting VTB's Russian Action to continue could result in a judgment that is inconsistent with a statute of this forum that effectuates an important U.S. public policy, specifically the U.S. sanctions issued against VTB here.  *See China Trade*, 837 F.2d at 37; *Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 931 n.73 (D.C. Cir. 1984).

        3.      It is DECLARED, ADJUDGED and DECREED, based on JPMorgan's showing, that (i) JPMorgan has satisfied its obligation to serve VTB in accordance with the requirements of the Order to Show Cause and TRO; and (ii) as of April 19, 2024, VTB has been served with the Order to Show Cause and TRO, the Summons and Complaint and the Motion and its supporting papers, as well as certified Russian translations of the same, in accordance with Section 13 of the Account Terms, which constitutes good and sufficient service of process under

the terms of that special arrangement for service and Section 1608(b)(1) of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1608(b)(1).

4.      It is DECLARED, ADJUDGED and DECREED, based on JPMorgan's showing, that VTB has actual notice of the Order to Show Cause and TRO, this Action and the Motion, but VTB has not responded to the Order to Show Cause and TRO or otherwise challenged the showings made by JPMorgan on which the Order to Show Cause and TRO is based, and thus has waived any objections to the Motion.

5.      Based on the foregoing, the Temporary Restraining Order previously entered against and served on VTB is hereby extended for the duration of this Action, and VTB is hereby and immediately ENJOINED pursuant to Fed. R. Civ. P. 65(a) from continuing and maintaining the Russian Action and shall not pursue any litigation or seek any relief against JPMorgan or any of its affiliates arising from or connected with the Correspondent Account in any jurisdiction other than in the federal or state courts of New York.

6.      To come into compliance with both the Temporary Restraining Order and this ORDER, among other things, VTB must immediately:

a.      Dismiss and discontinue the Russian Action against JPMorgan and its affiliates;

b.      Cease all efforts to enforce the Freeze Order against any assets of JPMorgan and its affiliates;

c.      Seek to vacate the Freeze Order;

d.      Refrain from filing any further claims or seeking any other relief against JPMorgan or its affiliates that arises from or is connected with the Correspondent Account in any jurisdiction other than in the federal or state courts of New York.

7.      VTB is hereby and immediately ENJOINED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to adjudicate this Action.

8.      Pursuant to Fed. R. Civ. P. 65(d)(2), this ORDER shall be binding on:

      a.      VTB;

      b.      VTB's directors, officers, agents, servants, employees and attorneys; and

      c.      any other persons who are in active concert or participation with VTB or VTB's directors, officers, agents, servants, employees or attorneys to take actions in violation of this ORDER, including: (1) freezing, attaching, seizing, restricting, buying, selling, assigning, transferring or disposing of the assets of JPMorgan or its affiliates in Russia pursuant to any order issued in the Russian Action or in any action arising from or connected with the Correspondent Account filed outside of the federal or state courts of New York; or (2) maintaining, continuing or prosecuting the Russian Action or any action concerning the Correspondent Account filed outside of the federal or state courts of New York.

9.      Any failure to comply with this ORDER by VTB, VTB's directors, officers, agents, servants, employees or attorneys, and by any other person in active concert or participation with any of the foregoing having notice of this Order, shall be punishable as a contempt of Court pursuant to this Court's inherent authority and Federal Rule of Civil Procedure 70(e), Federal Rule of Criminal Procedure 42, 18 U.S.C. § 401 or 18 U.S.C. § 402, as applicable.

10.     A copy of this ORDER shall be served on VTB in a manner consistent with Section 13 of the Account Terms, which shall be deemed good and sufficient service.

11.     Upon receiving a copy of this ORDER, VTB shall provide a copy of this ORDER to all its directors, officers, agents, servants, employees and attorneys, which shall be deemed sufficient notice of this ORDER.  Notice of this ORDER may also be sent by JPMorgan or its counsel to any of VTB's directors, officers, agents, servants, employees and attorneys in a manner consistent with Section 13 of the Account Terms, which shall be deemed sufficient notice of this ORDER.

12.     Based on JPMorgan's showing that VTB is not likely to suffer any harm by complying with this ORDER, JPMorgan shall not be required to post any security.

13.     Sufficient reason having been shown therefore, if JPMorgan is constrained from seeking further relief in this Action due to any actions taken, initiated, requested or threatened by VTB or ordered by a Russian court, and if VTB fails to timely answer or respond to the Complaint or otherwise defaults in this Action, this ORDER shall automatically convert into a permanent injunction that shall survive the dismissal, termination, discontinuance or other final resolution of this action, absent further order of this Court.

DATED: April 26, 2024

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE