

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | London | | Telephone +1 212 696 6000 |
| Beijing | Mexico City | 101 Park Avenue | Facsimile +1 212 697 1559 |
| Bogotá | Milan | New York, New York 10178-0061 | www.curtis.com |
| Brussels | Muscat | | |
| Buenos Aires | Nur-Sultan | | |
| Dubai | Paris | | **Jonathan J. Walsh** |
| Frankfurt | Riyadh | | Tel: +1 212 696 8817 |
| Geneva | Rome | | Fax: +1 917 368 8917 |
| Houston | Washington, D.C. | | E-Mail: jwalsh@curtis.com |

May 7, 2024

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Plaintiff shall reply to Defendant's letter by **May 10, 2024.** Defendant's letter will be addressed at the conference scheduled for May 15, 2024, at 3:30 P.M. on conference line: (888) 363-4749; 5583333#.*

*Dated: May 8, 2024*
*New York, New York*

*Lorna G. Schofield*
*UNITED STATES DISTRICT JUDGE*

Re:     Re: JPMorgan Chase Bank, N.A. v. VTB Bank, P.J.S.C., Case No. 1:24-cv-02924-LGS

Dear Judge Schofield:

We write on behalf of Defendant VTB Bank, P.J.S.C. ("VTB Bank") pursuant to the Court's Order dated May 1, 2024, to respond to JPMorgan Chase Bank, N.A. ("JPMorgan")'s April 30, 2024 letter. In addition, we write pursuant to Rules III.A.1 and III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases to request a briefing schedule for a motion to dissolve the preliminary anti-suit injunction entered in this case (the "April 26 Injunction") and to dismiss the Complaint.

### Response to JPMorgan's April 30, 2024 Letter

In its April 30, 2024 letter, JPMorgan states that it "intends to file a motion to suspend these proceedings," in order to comply with the April 25 order of the Arbitrazh court for the St. Petersburg and Leningrad region (the "Russian Court"). That order prohibits JPMorgan, on an interim basis, from initiating proceedings outside Russia against VTB Bank related to JPMorgan's withholding of funds in the account at issue here, and from seeking to prohibit VTB Bank from commencing such proceedings against JPMorgan in Russia, and requires JPMorgan to "take all measures within [its] control … aimed at staying [these] proceedings." As JPMorgan notes, a hearing on VTB Bank's application for a permanent injunction has been scheduled for June 5. Certified translations of the Russian Court's April 25 orders are attached as Exhibits A and B.



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

May 7, 2024

Page 2

In our view, the order to suspend the proceedings that JPMorgan seeks must necessarily stay all proceedings in this action to include the April 26 Injunction immediately.  Given the exigency of this matter, VTB Bank respectfully requests that the Court clarify that any suspension of this proceeding also stays the effect of the April 26 Injunction.

### VTB Bank's Motion To Dissolve the April 26 Injunction and Motion to Dismiss

In the event that the Court does not agree to stay the April 26 Injunction, VTB Bank requests a briefing schedule for a consolidated motion to dissolve the April 26 Injunction and to dismiss the Complaint.  VTB Bank proposes that its consolidated motion be filed by May 29, JPMorgan's response be filed by June 12, and any reply by June 17.  Alternatively, if the Court stays the effect of the April 26 Injunction, VTB Bank proposes that briefing be scheduled after any such stay is lifted.

By way of background, we wish to apprise the Court of some additional facts that may not have been apparent from JPMorgan's submissions.  VTB Bank filed suit in the Russian Court on April 17, 2024 (the "Russian Action"), asserting tort claims under Russian law relating to JPMorgan's withholding of VTB Bank's funds in a correspondent account with number ending 7557 (the "7557 Account").  JPMorgan filed its Complaint on April 18.  The Complaint sets forth two causes of action.  The first cause of action seeks an anti-suit injunction, enjoining VTB Bank from proceeding with its Russian Action (filed first), on the ground that the filing of the Russian Action is in breach of a forum selection clause contained in a set of "Account Terms" that JPMorgan alleges are applicable to the 7557 Account.  The second cause of action seeks a declaratory judgment "[d]eclaring the parties' rights and obligations under the Account Terms." (Complaint, Prayer for Relief and ¶ 48).  VTB Bank intends to move to dismiss both causes of action, on the following grounds.

<u>First</u>, VTB Bank intends to move to dismiss for lack of personal jurisdiction. JPMorgan's primary basis for asserting jurisdiction over VTB Bank is an allegation that VTB Bank consented to jurisdiction through its acceptance of the "Account Terms," and in particular the forum selection clause in Section 16.3 of those terms.  In support of this allegation, JPMorgan submitted the declaration of Donna Mainetti, stating that VTB Bank opened the 7557 Account "in 2008…by signing and accepting an "Account Terms Acceptance Letter" on May 9, 2008." Mainetti Decl. (Dkt 13) ¶ 3. Ms. Mainetti's declaration attaches a document labeled "Account Terms Acceptance Letter," which does not refer to the 7557 Account, signed as of "5.09.2008."  Mainetti Decl. Ex. A.  As VTB Bank intends to explain more fully in its motion, those allegations are rebutted by VTB Bank's own records, which show that the 7557 Account was opened in 1993; that the Account Terms Acceptance Letter on which JPMorgan relies appears to relate to a different account opened in 2008, which is not at issue here; and that there is no record of VTB Bank accepting any Account Terms with respect to the 7557 Account.

Moreover, even if VTB Bank had accepted Account Terms with respect to the 7557 Account, those terms were terminated by JPMorgan itself by letter dated July 15, 2022 (as



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

May 7, 2024

Page 3

JPMorgan acknowledges, see Dkt. 8 at 13 n.8).  While forum selection clauses can survive termination, courts have found that they do not survive termination where they are omitted from the scope of express survival provisions, on the principle of *expressio unius est exclusion alterius*.  *See, e.g., TSI USA, LLC v. Uber Techs., Inc.,* No. 16-cv-2177, 2017 U.S. Dist. LEXIS 3783 (N.D. Tex. Jan. 11, 2017).  That is the case here, where the Account Terms' termination provision (Section 14) provides that termination "shall not affect the Customer's liabilities to the Bank arising prior to, or on, such closing or termination."  This dispute concerns the opposite of that language: it concerns a claim brought by VTB Bank in Russia arising out of JPMorgan's liability to its customer—a claim which arises under Russian tort law for JPMorgan's refusal to transfer funds after the 2022 termination.

VTB Bank therefore submits that JPMorgan cannot show that the Account Terms on which it relies for jurisdiction are applicable here. JPMorgan's alternative grounds for jurisdiction (CPLR § 302(a) and 28 USC § 1330) fail because JPMorgan's claim does not arise out of VTB Bank's activities in New York, but out of VTB Bank's filing of a lawsuit in Russia to redress VTB Bank's injuries under Russian law.  Moreover, the exercise of jurisdiction is unreasonable under *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102 (1987).

To the extent the Court concludes there is a factual dispute as to jurisdiction, VTB Bank intends to request targeted jurisdictional discovery on JPMorgan's assertions as to the applicability of the Account Terms to the 7557 Account, and an evidentiary hearing.

<u>Second</u>, VTB Bank intends to move to dismiss the Complaint for insufficient service of process.  For the same reasons that the Account Terms cannot provide the basis for jurisdiction, they cannot provide the basis for service.  Moreover, VTB Bank disputes that Section 13 of the Account Terms, even if applicable, provides for service.[1]

<u>Third</u>, VTB Bank intends to move to dismiss for failure to state a claim.  JPMorgan alleges two claims that are based on an alleged breach of the Account Terms.  For the reasons stated above, the Account Terms do not apply to the 7557 Account.

Finally and more importantly, VTB Bank will demonstrate that JPMorgan's request for an anti-suit injunction should be denied under the factors of *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33 (2d Cir. 1987), and its request for a declaratory judgment should be denied under the factors of *Admiral Ins. Co. v. Niagara Transformer Corp.,* 57 F.4th 85 (2d Cir. 2023), among other reasons because the relief JPMorgan requests will not be dispositive of the Russian Action, will subject VTB Bank to conflicting obligations under U.S. law and Russian law, and will increase friction between the U.S. and Russian legal systems.

---

[1] By filing this letter submission and entry of appearance, VTB Bank respectfully asserts that it is not waiving, and continues to preserve, its right to challenge the Complaint based on insufficient service of process.  *See, e.g.*, *Jean-Baptiste v. United States DOJ*, No. 22-CV-7811 (VSB), 2023 U.S. Dist. LEXIS 51928 (S.D.N.Y. Mar. 27, 2023); *Tung v. Hemmings*, No. 19-CV-5502 (RPK) (SJB), 2021 U.S. Dist. LEXIS 173464 (E.D.N.Y. Sep. 13, 2021).



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

May 7, 2024
Page 4

Very truly yours,

*/s/ <u>Jonathan Walsh</u>*

Curtis, Mallet-Prevost, Colt & Mosle LLP