**Davis Polk**

Craig T. Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

July 11, 2024

Re: *JPMorgan Chase Bank, N.A. v. VTB Bank, P.J.S.C.*, Case No. 1:24-cv-02924-LGS

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Dear Judge Schofield:

As the Court is aware from the status report letter of Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") dated June 24, 2024, as well as the letter JPMorgan submitted on July 9, 2024, VTB has successfully obtained a permanent injunction (the "Russian Permanent Injunction") against JPMorgan in Russia.  Dkt. No. 49.  The Russian Permanent Injunction obtained by VTB states that JPMorgan is immediately "restrain[ed] . . . from filing applications and claims seeking that VTB Bank (PJSC) be restrained from initiating proceedings against" JPMorgan in Russia; required "within 14 days from the moment the court's ruling enters into force, . . . to discontinue the proceedings initiated in the United States District Court for the Southern District of New York against VTB Bank (PJSC) in case No. 1:24-CV-02924"; directs the imposition of monetary sanctions on JPMorgan for any violation of the Russian Permanent Injunction; and provides that the ruling may be appealed to the Arbitration Court of the North-Western District in Russia (the "Russian Cassation Court") within a month from the date of adoption.  *Id*.  In addition, as previously indicated to the Court in our July 9 letter, VTB obtained a writ of execution from the Russian court, dated July 4, 2024, which may allow VTB to enforce the Russian Permanent Injunction.

Although JPMorgan believes that the Russian Permanent Injunction was improperly issued and will be appealing to the Russian Cassation Court, JPMorgan understands that its appeal would not stay the Russian Permanent Injunction, and therefore in order to avoid the risk that could follow a violation of the Russian Permanent Injunction, JPMorgan believes it is constrained at this time to take this step to discontinue this Action.[1]

Given the Court's extensive engagement and consideration of both JPMorgan's application for the Preliminary Injunction and VTB's pending motion to dissolve, the circumstances underlying the obtainment of the Russian Permanent Injunction, and the Court's order *sua sponte* directing further proceedings through at least July 23, JPMorgan understands that it cannot discontinue these proceedings without the Court's consent.  *See Harvey Aluminum, Inc. v. Am. Cynamid Co.*, 203 F.2d 105, 107-08 (2d Cir. 1953); *Poparic v. Jugo Shop*, 2009 WL 6316252, at *4 (E.D.N.Y. Dec. 30, 2009). JPMorgan therefore files this pre-motion letter, pursuant to the Court's Chambers Rule III.A.1, requesting a conference within 10 business days for permission for JPMorgan to file a motion to discontinue this Action in an appropriate manner in light of its current status unless and until the aforementioned risks can be alleviated for any reason (for example, a successful appeal in Russia).

---

[1] As the Court is aware, Paragraph 13 of this Court's Preliminary Injunction, as well as this Court's directives in setting the schedule with respect to VTB's motion to dissolve the Preliminary Injunction, contemplated that such an order might issue and JPMorgan might be "constrained from seeking further relief in this Action due to any actions … ordered by a Russian court."

**Davis Polk**

Respectfully submitted,

*/s/ Craig T. Cagney*
Craig T. Cagney